UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lindsay A. Duneske, | ) | C/A No. 6:20-cv-02599-DCC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Greenville County Sheriff's Office, Officer | ) | |
| Bevill, Officer Whaley, Officer Goins, Officer | ) | |
| McCoy, Officer Mann, Arresting Deputies | ) | |
| Does 1–4, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Lindsay A. Duneske ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. Plaintiff files this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B), D.S.C., the undersigned Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. Having reviewed the pleadings filed in this matter in accordance with applicable law, the Court finds this action is subject to summary dismissal for the reasons identified herein.

## <u>BACKGROUND</u>

Plaintiff commenced this action by filing a Complaint on July 13, 2020. [Doc. 1.] The undersigned reviewed the pro se Complaint and, by Order dated August 25, 2020, notified Plaintiff that this action was subject to summary dismissal for the reasons identified in the Court's Order. [Doc. 20.] The Court, however, noted that Plaintiff may be able to

cure the deficiencies of her Complaint and granted Plaintiff twenty-one days to amend the Complaint. [*Id*. at 10.] Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies [identified in the Court's Order], this action will be recommended for summary dismissal.

[*Id*. at 11.] By Orders dated September 24, 2020, the undersigned granted Plaintiff additional time to amend her complaint and bring the case into proper form. [Docs. 24; 25.] Plaintiff filed an Amended Complaint on October 20, 2020. [Doc. 28.]

As explained below, Plaintiff's Amended Complaint fails to cure the deficiencies of her original Complaint. Out of an abundance of caution, the Court will consider the allegations from both the original Complaint and the Amended Complaint in its review of this action.[1]

Plaintiff asserts that Defendants violated her rights in the following ways: professional negligence, false arrest, false imprisonment, malicious prosecution, failure to properly investigate, breach of proper standard of care, deprivation of due process, abuse of process, interference of family relations, infliction of emotional, mental, and physical distress, and failure to intervene. [Doc. 1 at 4.] During the week of July 4, 2018, Defendants instructed Plaintiff "to travel from Michigan to South Carolina with her custody

---

[1]The undersigned notes that, ordinarily, an amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

court order to receive assistance from the [Greenville County] Sheriff's Office to enforce a custody order." [Doc. 28 at 1–2.]  Defendants stated they would conduct a civil standby at a Wendy's restaurant on July 7, 2018, to monitor the exchange of Plaintiff's minor children and enforce the court's custody order.  [*Id*. at 2.]  However, the civil standby did not take place, and Plaintiff followed the car containing her minor children.  [*Id*.]

Defendants Goins and Mann ran Plaintiff off the road while she was following her children, took her keys, and held her against her will for more than 20 minutes.  [*Id*.]  Defendants Goins and Mann refused to enforce the court order and allowed her children to be absconded.  [*Id*.]  These Defendants stated they were unhappy that Plaintiff had contacted SLED.  [*Id*.]  When Plaintiff told these Defendants she was recording them, they let her go.  [*Id*.]  These Defendants refused to help Plaintiff or enforce the court order.  [*Id*.]  Plaintiff believed her children were in danger; however, Defendants would not allow Plaintiff to file a police report.  [*Id*. at 2–3.]

On July 10, 2018, the Greenville City Police stated that, if the Sheriff's Office would not allow her to file a police report, she could call 911 to meet with an officer and request a welfare check of her children.  [*Id*. at 3.]  Defendant McCoy responded to Plaintiff's 911 call, but he refused to document the information she provided and refused to conduct a welfare check.  [*Id*.]  Defendants McCoy, Bevill, and Whaley then falsified police reports and lied to a judge to obtain a warrant for Plaintiff's arrest, falsely claiming Plaintiff had called 911 with the intent to make false accusations about her ex-husband.  [*Id*.]  Defendant Bevill lied to the Michigan CPS about Plaintiff so she would be placed wrongfully on a child abuse registry.  [*Id*.]  Defendants Bevill and Whaley lied to a family court judge

and had Plaintiff arrested at a custody hearing, causing the judge to remove Plaintiff's children from her custody and to place them in foster care where they were abused and traumatized. [*Id*.] The arresting deputy failed to advise Plaintiff of her *Miranda* rights[2] and unnecessarily twisted Plaintiff's arm while arresting her, causing her shoulder to dislocate and tearing her rotator cuff and bicep tendon on her right side. [*Id*.] Defendants Bevill and Whaley stalked, harassed, and slandered Plaintiff at several proceedings in the family court. [*Id*. at 4.] Defendants also made sexist and misogynist comments about Plaintiff. [*Id*.] Defendants have refused to provide Plaintiff with body cam footage, supplemental reports, or other evidence, which would have proven her innocence. [*Id*.] Defendants refused to enforce the custody order and assisted Plaintiff's ex-husband, making them accomplices in the custodial interference of her children. [*Id*.] According to Plaintiff, she suffered emotional, mental, physical, and financial harm as a result of Defendants' false arrest and imprisonment, professional negligence, violations of due process, malicious prosecution, and deprivations of her rights. [*Id*.] For her relief, Plaintiff seeks money damages. [*Id*.; *see also* Doc. 1 at 6.]

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

---

[2]In *Miranda v. Arizona*, the Supreme Court held that the "prosecution may not use statements . . . stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination," popularly known the right to remain silent. 384 U.S. 436, 444 (1966).

4

§ 1915(e)(2)(B).  Further, this Court would possess the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction).

Because Plaintiff is a pro se litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, Plaintiff's Amended Complaint is subject to summary dismissal.  The

mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the pleadings, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint for relief must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is particularly true in a § 1983 action where "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. . . . Consequently, [defendants] must have had personal knowledge of and involvement in the alleged deprivation of [plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted).

## DISCUSSION

The Court construes this action as filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

7

*Atkins*, 487 U.S. 42, 48 (1988).  This action is subject to summary dismissal for the reasons explained below.

**Defendant Greenville County Sheriff's Office**

As an initial matter, the undersigned notes that Defendant Greenville County Sheriff's Office is subject to summary dismissal from this action because it is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (explaining that neither the state nor its agencies is a "person" within § 1983); *Ramirez v. Anderson Cty. Sheriff's Office*, No. 1:14-cv-3217-TMC-SVH, 2016 WL 4394505, at *2 (D.S.C. July 25, 2016) (explaining the sheriff's office, as an arm of the state, is not a "person" within the meaning of § 1983), *Report and Recommendation adopted by* 2016 WL 4266130 (D.S.C. Aug. 12, 2016).  Additionally, Plaintiff provides no factual allegations against this Defendant to assert a plausible claim for relief under § 1983.  *See Gibson v. Foster*, No. 5:17-cv-01333-JMC-KDW, 2017 WL 7355301, at *2 (D.S.C. Aug. 7, 2017), *Report and Recommendation adopted by* 2018 WL 690060 (D.S.C. Feb. 1, 2018) (finding summary dismissal proper where "the Complaint contains no allegations of wrongdoing by th[e] Defendant").  Therefore, the Greenville County Sheriff's Office is entitled to summary dismissal from this action as a party.

**Plaintiff's allegations fail to state a claim for relief**

Further, Plaintiff's claims are subject to summary dismissal because she has failed to state a claim for relief that is plausible.  Liberally construed, the Amended Complaint appears to assert claims under § 1983 for negligence, false arrest, false imprisonment,

8

malicious prosecution, and excessive use of force.[3]  However, Plaintiff has failed to allege

facts to assert a plausible claim for relief as to any of these purported causes of action.

### Negligence

First, to the extent Plaintiff intends to proceed on a negligence claim, negligence is

not compensable under § 1983.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also*

*Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); *Davidson v. Cannon*, 474 U.S. 344,

345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *Pink v. Lester*, 52

F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* and noting, "[t]he district court properly

held that *Daniels* bars an action under § 1983 for negligent conduct").  Also, § 1983 does

not impose liability for violations of duties of care arising under state law.  *See, e.g., Brooks*

*v. Celeste*, 39 F.3d 125 (6th Cir. 1994).

---

[3]Although Plaintiff purports to bring a claim under the Federal Tort Claims Act ("FTCA") [Doc. 28 at 1], which provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent or wrongful acts or omissions of its employees, in which private individuals under similar circumstances would be liable under state law, 28 U.S.C. § 1346(b)(1), any such claim fails.  "A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees."  *Carpenter v. Bragg*, No. 8:15-cv-00574-GRA-JDA, 2015 WL 13734632, at *9 (D.S.C. Nov. 30, 2015), *Report and Recommendation adopted by* 2016 WL 845315 (D.S.C. Mar. 1, 2016).  Plaintiff has not named the United States in this action, and the allegations in the Amended Complaint concern the conduct of state officials arising from her state criminal and family court proceedings.  The named Defendants are all state employees, and Plaintiff makes no allegations against any federal employees.  As such, Plaintiff provides no allegations to support a plausible claim under the FTCA.  *See Richardson v. F.B.I.*, No. 4:11-cv-00010-RBH-SVH, 2011 WL 1428968, at *4 (D.S.C. Mar. 8, 2011) ("[B]ecause Plaintiff does not name any specific federal employee, agent, or official, nor does he assert negligence on the part of any federal agency or employee, there is no basis on which the court could liberally construe a viable [FTCA] claim against any Defendant."), *Report and Recommendation adopted by* 2011 WL 1429101 (D.S.C. Apr. 13, 2011).

### *False Arrest, False Imprisonment, Malicious Prosecution*

Next, to the extent Plaintiff asserts claims for false arrest, false imprisonment, and/or malicious prosecution, she has failed to state a plausible claim for relief. Section 1983 actions premised on malicious prosecution or false arrest are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"); *Curtis v. Devlin*, No. 1:04-cv-409, 2005 WL 940571, at *6 (E.D. Va. Apr. 19, 2005) (explaining that § 1983 actions for false arrest and malicious prosecution should be analyzed under the Fourth Amendment).

"[T]he Fourth Circuit recognizes two distinct causes of action under § 1983 for violations of an individual's Fourth Amendment right against unreasonable seizure." *Ellison v. Proffit*, No. 4:16-cv-00847-BHH-KDW, 2017 WL 598511, at *3 (D.S.C. Jan. 24, 2017) (citing *Brooks v. Winston Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996)), *Report and Recommendation adopted by* 2017 WL 588734 (D.S.C. Feb. 13, 2017). Because the Amended Complaint here fails to satisfactorily allege either one, Defendants are entitled to dismissal of such claims against them.

"The first [cause of action is one] for false or unlawful arrest or arrest in the absence of legal process." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Such a claim can

succeed "only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks*, 85 F.3d at 181–82 (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Because Plaintiff does not allege that she was arrested without a warrant, she does not state a cause of action of this type.

The second type of Fourth Amendment cause of action "lies when there is a violation of an individual's Fourth Amendment right against unreasonable seizures because he or she is subjected to a 'malicious prosecution' or an abuse of judicial process." *Ellison*, 2017 WL 598511, at *3. This cause of action is not a malicious prosecution claim per se, but rather "'a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution—specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.'" *Snider v. Lee*, 584 F.3d 193, 199 (4th Cir. 2009) (quoting *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000)); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). For the favorable termination element to be satisfied, the criminal proceedings of which the plaintiff complains must have been "terminated 'for reasons indicative of the innocence' of the criminal defendant (the civil plaintiff)." *Ellison*, 2017 WL 598511, at *3.

Here, Plaintiff cannot establish a § 1983 malicious prosecution cause of action because she has not alleged that her criminal proceedings were terminated for reasons indicating her innocence. *Cordova v. City of Albuquerque*, 816 F.3d 645, 650–54 (10th Cir. 2016) (holding that defendant was entitled to summary judgment on § 1983 malicious prosecution claim because plaintiff had failed as a matter of law to show that dismissal

11

under New Mexico's Speedy Trial Act of the charges against him indicated his innocence of the charged crime).  In light of Plaintiff's failure to properly allege a violation under either of the two types of Fourth Amendment causes of action, Defendants are entitled to dismissal of such claims against them.

### *Excessive Use of Force*

Finally, Plaintiff appears to assert a claim of excessive use of force against her. Specifically, Plaintiff alleges that the arresting officer "unnecessarily twisted [her] arm while arresting her causing her shoulder to dislocate tearing her rotator cuff and bicep tendon on her right side."  [Doc. 28 at 3.]  However, Plaintiff's excessive force claim should be dismissed because she has failed to identify a defendant who allegedly injured her.

To state an excessive force claim under § 1983, "[a] plaintiff must affirmatively show that a defendant acted personally in the deprivation of [her] constitutional rights."  *Davis v. Boome*, No. 1:14-cv-00422-TLW, 2015 WL 1538318, at *4 (D.S.C. Apr. 6, 2015) (summarily dismissing claim alleging excessive use of force by unidentified officers).  In this Court's Order regarding amendment, Plaintiff was warned that she must identify a proper defendant as to her excessive force claim to survive dismissal.  [Doc. 20 at 10.] However, Plaintiff did not identify the officer allegedly responsible for her injury, and she provides no facts in her Amended Complaint to indicate that any of the named Defendants personally participated in the excessive force allegedly used against her.  Instead, Plaintiff alleges that an unknown deputy caused her injuries.  [Doc. 28 at 3.]  Therefore, Plaintiff's claim for excessive use of force is subject to summary dismissal as to the Defendants named in this action.  And, because Plaintiff has failed to identify any individual that can

be served as to her excessive force claim, her claim must be dismissed.[4]  *See, e.g., Wright v. Lassiter*, No. 1:18-cv-90-FDW, 2018 WL 3866590, at *8–14 (W.D.N.C. Aug. 14, 2018) (dismissing numerous claims because, even if the allegations were sufficient to state a claim, service was "presently impossible").

## CONCLUSION

Consequently, for the reasons stated above, this action should be dismissed without issuance and service of process.[5]

---

[4]Indeed, the Court has provided Plaintiff numerous opportunities and extensions of time to file an amended complaint, identify the individuals against whom she asserts her claims, and provide properly completed service documents as to each Defendant. [*See* Docs. 6; 11; 19; 20; 25.]  Despite these opportunities, Plaintiff has failed to identify the individual who purportedly twisted her arm, and she has failed to provide service documents for that individual.  Accordingly, service of this claim is impossible.

Further, to the extent Plaintiff asserts a claim for the arresting deputy's failure to inform her of her *Miranda* rights, such a claim, as pled, is not cognizable under § 1983. *See, e.g.*, *Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir.1995) (per curiam) ("*Miranda* warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment; *Koon v. Cty. of Newberry*, No. 3:09-cv-1021-SB-JRM, 2010 WL 3781829, at *5 (D.S.C. Feb. 4, 2010) ("There is no cause of action under § 1983 for a *Miranda* violation where a coerced statement has not been used against a criminal defendant in his criminal proceeding."), *Report and Recommendation adopted by* 2010 WL 3781798 (D.S.C. Sept. 21, 2010).  The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements.  The remedy is not a § 1983 action.") (internal citations omitted).

[5]Because Plaintiff has already had an opportunity to amend her pleadings to correct the deficiencies in her original Complaint, the undersigned recommends that the Court dismiss this action without further leave to amend.  *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. June 4, 2018) (explaining that, where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

13

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 10, 2020
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).