IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lindsay A. Duneske, | ) | C/A No. 6:20-cv-02599-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Officer Bevill; Officer Whaley; | ) | |
| Officer Goins; Officer McCoy; | ) | |
| Officer Mann; Officer McMurrer; | ) | |
| and Captain Robinson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendants Bevill, Goins, McCoy, Mann, McMurrer, and Robinson's Motion to Dismiss. ECF No. 70. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On November 22, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted in part and denied in part. ECF No. 81. The Magistrate Judge advised the parties of the procedures and requirements for filing Objections to the Report and the serious consequences if they failed to do so. Defendants Goins and Mann filed Objections. ECF No. 85.

## BACKGROUND

Plaintiff filed suit in this Court on July 13, 2020, proceeding pro se and in forma pauperis and asserting claims against employees of the Greenville County Sheriff's Office relating to their actions regarding a custody dispute between Plaintiff and her ex-

husband.[1]  ECF No. 1.  On July 20, 2021, Defendants Bevill, Goins, McCoy, Mann, McMurrer, and Robinson ("Moving Defendants") filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 70.  The Magistrate Judge issued a Report on November 22, 2021, recommending that the Motion be granted in part and denied in part.  ECF No. 81.  Specifically, the Magistrate Judge recommended that the Motion be granted as to all claims except for those against Goins and Mann for an illegal stop, which she recommended be denied.  *Id.*  Defendants Goins and Mann filed Objections.  ECF No. 85.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts as alleged in the Second Amended Complaint, and it is incorporated herein by reference.  *See* ECF No. 81 at 2–5.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report

---

[1] Following the issuance of four proper form orders, Plaintiff filed an Amended Complaint on October 20, 2020.  ECF Nos. 6, 11, 19, 25, 28.  The Magistrate Judge issued a Report on November 12, 2020, recommending that the action be dismissed without service of process.  ECF No. 34.  On January 22, 2021, Plaintiff filed Objections to the Report as well as a Second Amended Complaint.  ECF Nos. 44, 45.  This Court construed Plaintiff's Objections as a Motion for Leave to File a Second Amended Complaint and granted the Motion.  ECF No. 50.  Following another proper form order, the Magistrate Judge authorized the issuance of Summons to the named Defendants.  ECF Nos. 56, 61.

only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

In the Report, the Magistrate Judge addressed each of Plaintiff's causes of action as alleged in the Second Amended Complaint.  ECF No. 81.  Defendants Goins and Mann only object to her recommendation regarding Plaintiff's Fourth Amendment claims.  Plaintiff alleges that they illegally detained her when they "ran [her] off the road" while she was following her ex-husband and children during a purported civil standby and that they took Plaintiff's keys and detained her for more than 20 minutes.  ECF No. 45 at 2.  Specifically, Plaintiff asserts that, after stopping her vehicle, Defendants yelled at her and told her that "if she did not leave Greenville they would find a reason to have her arrested;" and in response to Plaintiff's asking them what she had done that was illegal, they "stated that they were very unhappy that [she] had contacted SLED."  *Id.* at 3.  Plaintiff alleged that they only released her once she notified them that she was recording the interaction.  *Id.*  The Magistrate Judge determined that the allegations, taken as true, plausibly allege that Goins and Mann stopped and detained Plaintiff in retaliation for contacting SLED to make a complaint rather than for any legitimate reason.  ECF No. 81 at 14.  Accordingly, the Magistrate Judge recommended that the Motion be denied as to these claims arising out of their stop and detention of Plaintiff.  *Id.*

Defendants Goins and Mann object to the Magistrate Judge's recommendation that the Motion be denied as to Plaintiff's claims against them for an illegal stop.  ECF No.

3

85 at 1.  Specifically, they assert that the Magistrate Judge incorrectly assumed that Plaintiff's claims were pleaded against them in their individual capacities.  *Id.* at 2.  Goins and Mann argue that Plaintiff does not allege her claims against them are in their individual capacities but instead specifically notes that the claims are alleged in their official capacities.  *Id.* at 2–3 (citing ECF No. 1 at 3).  Consequently, they contend that the claims against them are barred under the Eleventh Amendment.  *Id.* at 3.

The Court agrees with the Magistrate Judge's recommendation to deny the Motion as to Plaintiff's Fourth Amendment claims against Goins and Mann arising out of their stop and detention of Plaintiff.  Although Plaintiff's original Complaint stated she was suing Goins and Mann in their official capacities, her Second Amended Complaint—the operative complaint in this case—does not allege capacity.  ECF No. 1 at 3; *see Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); *see also Harris v. Copeland*, C.A. No. 2:11-cv-02209-GRA-BHH , 2013 WL 4504764, at *5 (D.S.C. Aug. 22, 2013) ("It is not a prerequisite for a plaintiff to state that he is suing a defendant in his or her individual capacity in order to state a cause of action under § 1983.").  Thus, contrary to Goins and Mann's argument, because the original Complaint is not effective, the Court need not accept Plaintiff's previous designation of capacity as controlling.  *Cf. Harvey v. Cline*, 2016 WL 1562950, at *4 (S.D. W.Va. Apr. 18, 2016) ("If a complaint specifically alleges a capacity in which the defendant is being sued, that designation controls.").

Instead, the Court "must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether [Goins and Mann are] being

4

sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). Indeed, "the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.* Factors the Court may consider include "the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint, . . . a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits, . . . [and] [t]he nature of any defenses raised in response to the complaint." *Id.*

As noted above, Plaintiff does not specifically state in her Second Amended Complaint whether she is suing Goins and Mann in their individual or official capacities. *See* ECF No. 45. Consequently, the Magistrate Judge properly analyzed Plaintiff's claims against Goins and Mann under both capacities, recommending dismissal of the claims to the extent they are alleged in their official capacities and denial of the Motion to the extent the claims are alleged in their individual capacities. *See* ECF No. 81 at 11, 14; *Hudson v. Smith*, C.A. No. 3:19-cv-1499-SAL, 2020 WL 6707609, at *3 (D.S.C. Nov. 16, 2020) (dismissing the plaintiff's claims to the extent they were alleged in the defendant's official capacity and declining to dismiss the claims alleged in the defendant's individual capacity). Upon review, the Court finds the factors outlined in *Biggs* support a finding that Plaintiff's Fourth Amendment claims against Goins and Mann are alleged in their individual capacities. Specifically, as the Magistrate Judge noted in her Report, Plaintiff's allegations suggest that the alleged improper actions were based on personal motivations—i.e., retaliation for contacting SLED—rather than for any legitimate reason and distinct from any "official policy or custom that would shield [Goins and Mann] from

5

individual culpability." ECF No. 81 at 14; *Biggs*, 66 F.3d at 61 (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)); *see DeCecco v. Univ. of S.C.*, 918 F.Supp.2d 471, 506 (D.S.C. Jan. 16, 2013) (finding the plaintiff's Section 1983 claim was alleged in the defendant's individual capacity where the allegations suggested the alleged improper actions were based on personal motivations). Moreover, Plaintiff requests compensatory and punitive damages from Goins and Mann. ECF No. 45 at 5. Accordingly, the Court finds the Magistrate Judge properly construed Plaintiff's Fourth Amendment claims against Goins and Mann as alleged in their individual capacities. Although Goins and Mann do not object to the Magistrate Judge's analysis of the claims on the merits, out of an abundance of caution, the Court has reviewed this portion of the Report de novo and agrees with the Magistrate Judge's recommendation.

No party has filed any objections to the remainder of the Report. Accordingly, the Court has reviewed the Report, the record, and the applicable law for clear error. Upon review, the Court adopts the remainder of the Report.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendants Goins and Mann's Objections [85] and **ADOPTS** the Report [81]. Accordingly, Moving Defendants' Motion to Dismiss [70] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to all claims against Bevill, McCoy, McMurrer, and Robinson; all claims against Goins and Mann in their official capacities; and all claims against Goins and Mann in their individual capacities under 42 U.S.C. § 1983 for professional negligence, negligence, failure to properly investigate, breach of proper standard of care, and failure to intervene, and under 18 U.S.C. §§ 241 and 242 for conspiracy. The Motion is denied as to claims against Goins and Mann in their individual capacities for an illegal stop. Officer Whaley

6

is dismissed without prejudice for failure to timely serve him pursuant to Federal Rule of Civil Procedure 4(m).

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 21, 2021
Spartanburg, South Carolina