IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lindsay A. Duneske, | ) | C/A No. 6:20-cv-02599-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Officer Goins and Officer Mann, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendants' Motion for Summary Judgment and Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF Nos. 105, 115. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On July 20, 2021, Defendants Bevill, Goins, McCoy, Mann, McMurrer, and Robinson[1] filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 70. The Magistrate Judge issued a Report on November 22, 2021, recommending that the Motion be granted in part and denied in part. ECF No. 81. The undersigned adopted the Report on March 21, 2022. ECF No. 94.

On June 24, 2022, Defendants Goins and Mann filed a Motion for Summary Judgment. ECF No. 105. On August 1, 2022, Plaintiff filed a Motion for TRO and

---

[1] Defendants Bevill, McCoy, McMurrer, and Robinson were dismissed from the case following this Court's adoption of the Magistrate Judge's November 22, 2021, Report.

Preliminary Injunction. ECF No. 115. On February 2, 2023, the Magistrate Judge issued a Report recommending that Defendants' Motion for Summary Judgment be granted, and Plaintiff's Motion for TRO and Preliminary Injunction be denied. ECF No. 125. The Magistrate Judge advised the parties of the procedures and requirements for filing Objections to the Report and the serious consequences if they failed to do so. Plaintiff did not file Objections to the Report, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Neither party has objected to the Magistrate Judge's thorough recitation of the facts, and it is incorporated herein by reference. *See* ECF No. 125 at 2–6. As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate

Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment [105] is **GRANTED**, and Plaintiff's Motion for TRO and Preliminary Injunction [115] is **DENIED**.

    IT IS SO ORDERED.

                                                                 s/ Donald C. Coggins, Jr.
                                                                 United States District Judge

March 3, 2023
Spartanburg, South Carolina